UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CR-240-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WILLIAM SCOTT DAVIS, JR. | ) | |
| | ) | |

This matter is before the court on defendant's unopposed motion to extend the time he is in the custody of the Attorney General. (DE # 383.)

On 3 February 2016, pursuant to 18 U.S.C. § 4241, the court found defendant incompetent to stand trial and committed him to the custody of the Attorney General for hospitalization. (DE # 267.) Since 15 March 2016, defendant has been hospitalized at FMC-Butner. (DE # 310.) According to the motion, "[t]he Bureau of Prisons [("BOP")] has determined that [defendant] is in need of cataract surgery." (DE # 383, ¶ 2.) Apparently, while defendant was previously detained at BOP facilities, cataract surgery was scheduled for defendant, but it did not occur.[1] (See id.) "Counsel has confirmed that [defendant] has a scheduled medical appointment related to the surgery and that the surgery itself will be conducted at a medical facility outside of the BOP." (Id.)

> [Defendant] is concerned that he will again be discharged from FMC Butner before his cataract problem is corrected. That condition has substantially limited [defendant's] ability to see and read and write and thus has adversely affected his ability to communicate with counsel and to assist in his defense. The Marshals Service has refused to provide treatment for [defendant's] condition. Accordingly, [defendant] asks that the Court extend his time in the custody of the

---

[1] Defendant underwent two psychiatric evaluations at separate BOP facilities, with the first one occurring at FCI-Butner. It is the court's understanding that during the time he was awaiting designation and transport to each facility, he was detained at a local jail under contract with the Marshal Service. Presumably, defendant never remained at either BOP facility long enough for the surgery to occur.

Attorney General at FMC Butner to and including August 31, 2016, to allow for the procedure and necessary post-operative care to occur.

(Id. ¶ 3.)

For good cause shown, the motion is ALLOWED. Defendant shall remain in the custody of the Attorney General at FMC-Butner until 31 August 2016. In the meantime, the Department of Justice is reminded of its obligation to file a final report on or before 22 July 2016. (See DE # 310.)

This 20 July 2016.

_____
W. Earl Britt
Senior U.S. District Judge