Run
V
Ocshur Part

"Just as the **notice of appeal transfers jurisdiction** to the court of appeals, so the mandate returns it to the district court. Until the mandate issues, the case is 'in' the court of appeals, and *any action by the district court is a nullity*." *Kusay v. United States*, 62 F.3d 192, 194 (7th Cir. 1995) (emphasis added).

Court Lack Jurisdiction DE 12, 131 etal Void The Filing, of Notice of Interlocutory, Collateral order Doctring and Substanced Constitutional Question.

FILED
DEC 16 2016
JULIE RICHARDS JOHNSTON, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

Fox Not Allowed to Have Been Assigned By Clerk of Court. In Ah this to See US V. Davis, DE 117, 28 USC 144, Disquality and 17' August 2015 Transcripts 28 USC 455, Abuse of Descreter Lead to DE 117,

1ydcases
1
© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995); *see McQuiggin*, 133 S.Ct. at 1935. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 324.

DISHOT                                    1

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

USA v OW

US DC ED NC WD
18 USC 4241- 4247
Ineffective Assist of Counsel
5:14-CR-240 Br-1

was deprived of his CJA right to counsel's assistance in filing a petition for certiorari, if "in counsel's considered judgment there [were] grounds for seeking Supreme Court review." CJA Plan, Part V, § 2. This deprivation is sufficiently extraordinary to warrant our treatment of Smith's § 2255 motion as a motion to recall the mandate, which we grant in order to provide appropriate relief. (The government acknowledged at oral argument that it did not object to this resolution.)

Accordingly, an order will be entered recalling our mandate and vacating and reentering judgment in *United States v. Smith*, 98 Fed. Appx. (4th Cir. 2004). Counsel will be appointed to assist Smith (in accordance with this court's CJA Plan) with respect to the matter of a petition for certiorari to the Supreme Court of the United States.

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

all allegations made by appellant that suggest that counsel promised to file for a Writ of Certiorari with the United States Supreme Court or a Motion for a New Trial on newly discovered evidence. II.Counsel on several occasions advised appellant that in his opinion there existed no sound factual or legal basis for filing for a Writ of Certiorari which would be successful. Further counsel did not feel there existed newly discovered evidence which would support a motion for new trial. Counsel declined to file another document simply because appellant wanted same. Counsel communicated to appellant that he would not file same. III.Counsel does not believe that as a lawyer he has any obligation to file whatever a client wants whether it has merit or not.

Importantly, counsel does not deny that Movant requested the filing of a writ with the High Court.

We sympathize with counsel's desire not to file papers with the Court which have no reasonable chance of success. However, the Plan 1 adopted by this Court pursuant to the Criminal Justice Act 2 provides that, when requested to do so in writing by his client, counsel must file a petition for certiorari with the Supreme Court. If no issues of merit can be raised, counsel is reminded of the rule of *Anders v. California,* 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967).

Following the procedure adopted by the Supreme Court in *Wilkins v. United States,* 441 U.S. 468, 60 L. Ed. 2d 365, 99 S. Ct. 1829 (1979); and by this Court in *United States v. Sotelo,* 778 F.2d 1125 (5th Cir. 1985), *cert. denied,* 475 U.S. 1128, 90 L. Ed. 2d 200, 106 S. Ct. 1658 (1986), we hereby vacate and reinstate the judgment of this Court affirming movant's conviction and sentence and direct counsel to timely file a petition for certiorari with the United States Supreme Court.

Counsel is reminded that failure to comply fully with the terms of the Plan can constitute sanctionable conduct. *Sotelo,* 778 F.2d at 1127 n.3.

A05_11CS 1

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

US v Dew

Objection 18 USC 4241-4247
B.O.P. Psyd's, All ~~Female~~ Oppression, Discriminator

US DC ED NC W/V

5:14-240 Brl

becomes invested with . . . rights . . . protected by . . . the Fifth Amendment[ ] and by the due process clause of the Fourteenth Amendment" (internal quotation marks omitted)); *Wong Wing,* 163 U.S. at 238 (holding that "all persons within the territory of the United States are entitled to the protection guaranteed by" the Due Process Clause of the Fifth Amendment); **Yick Wo** *v. Hopkins,* 118 U.S. 356, 369, 6 S. Ct. 1064, 30 L. Ed. 220 (1886) (explaining that the Due Process Clause of the Fourteenth Amendment protects "all persons within the territorial jurisdiction" of the United States). Thus, the Due Process Clause protects not only citizens but also aliens, like al-Marri, lawfully admitted to this country who have established substantial connections here -- in al-Marri's case by residing in Illinois for several months with his family and attending university there. 4 "Freedom from imprisonment -- from government custody, detention, or other forms of physical restraint -- lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis,* 533 U.S. 678, 690, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001); *see also Foucha v. Louisiana,* 504 U.S. 71, 80, 112 S. Ct. 1780, 118 L. Ed. 2d 437 (1992). This concept dates {534 F.3d 223} back to the Magna Carta, which guaranteed that "government would take neither life, liberty, nor property without a trial in accord with the law of the land." *Duncan v. Louisiana,* 391 U.S. 145, 169, 88 S. Ct. 1444, 20 L. Ed. 2d 491 (1968) (Black, J., concurring). The "law of the land" at its core provides that "no man's life, liberty or property be forfeited as a punishment until there has been a charge fairly made and fairly tried in a public tribunal." *In re Oliver,* 333 U.S. 257, 278, 68 S. Ct. 499, 92 L. Ed. 682 (1948). Thus, the Supreme Court has recognized that, because of the Due Process Clause, it "may freely be conceded" that as a "'general rule' . . . the government may not detain a person prior to a judgment of guilt in a criminal trial." *United States v. Salerno,* 481 U.S. 739, 749, 107 S. Ct. 2095, 95 L. Ed. 2d 697 (1987).

Non-Minority, Male Psyd's, PHD, Preforming 18 USC 4241-4247, Deliberate Indifference, Race, Color, Gender ~~Feminist~~ Bias, Prejudice Subjective, Junk Science opinion Dr Ross, Dr Cambell, Dr Lloyd Diversity, Affirmative Action, B.O.P Prosect Statement, F.M.C Institution

A04CASES

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Charter Violation, All White Female, Pass ~~Volume~~ Minority Alien For Reason of Race, Color Gender, Individual Disposed, Prejudice Bias

Case 5:14-cr-00240-D  Document 465  Filed 12/16/16  Page 5 of 16

84844083

A. <u>The Privacy Act</u> Violation

The Privacy Act, 5 U.S.C. § 552a, "governs the government's collection and dissemination of information and maintenance of its records [and] generally allows individuals to gain access to government records on them and to request correction of inaccurate records." *Perry v. Bureau of Prisons*, 371 F.3d 1304, 1304 (11th Cir. 2004) (per curiam) (alteration in original) (citation and quotation omitted).

The Privacy Act allows an individual to bring a civil action in a district court against an agency if the agency "fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination" concerning such individual that is based upon such record. 5 U.S.C. § 552a(g)(1)(C).

To state a claim under the Privacy Act, a plaintiff must allege "1) that the government failed to fulfill its record keeping obligation, 2) which failure proximately caused the adverse determination, 3) that the agency failed intentionally or willfully to maintain the records, and 4) that the plaintiff suffered actual damages." *Perry*, 371 F.3d at 1305 (citation and quotation omitted). Furthermore, the Privacy Act only authorizes civil actions against an agency, not individual persons. *Id.*

October 2007- Present
USA, Unlawful Disclosure
Privacy Act 1974 Violation
US DOS, US Social Security
Admintry, US Embassy
Brusell, Belgium, US Passport
Agency, U.S. F.B.I.
Illegal Invasion of Defendant Family
Privacy, By ADA Melvin A Shekit
Cary Police Detective, Sydney Oath
Wells CPS, US DOS Agent Tony Bell
Jerry Ford, Oscar Whitmon, Menthi Bishop

A05_11CS                                1

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Illegally obtained Evidence, Illegall
Use By Barbar D Kosher ether A
on Jes, for Reasm A Probable Cause 18usc 4244

US DC ED NC WD

USA
v
Davis

5:14-CR-240-BR-1

According to the Pretrial Services Report, the defendant Brady Vichturn;

Notice of Appeal
DE 15. Pre-Trial Detion
order, For Fraud on Court
BA AUSA, Randy Stiker
2:14-MJ-451-LRL

Prosecutoral Misconduct
& Fraudlenty Fabricated Worren
Fradklil Concelment Rebutted
Afficul of Ms Sorokos,

and Fradulenty Fabricted
Evidenc, For Indictment and
Seach Worrict 333. Ecol
Pembrach Ave #8 Hempton
VA 26009 22⁴ oct 2014
Appeal DE.15.

2ybcases

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

84944083

During defendant's initial appearance the government requested that the defendant be detained. In response, defendant requested an immediate hearing concerning whether or not he should be detained, and, if released, on what conditions. When I indicated that it was my inclination to address the issue of detention, the government moved for detention pursuant to 18 U.S.C. § 3142(f), asserting that the offense charged constitutes a crime of violence, thereby entitling the government to a detention hearing upon request. See 18 U.S.C. § 3142(f)(1)(A).

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

During the pendency of proceedings conducted in the matter under Rules 5 and 40 of the Federal Rules of Criminal Procedure, *inter alia*, defendant requested that he be released on conditions and allowed to voluntarily appear in

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Case 5:14-cr-00240-D   Document 465   Filed 12/16/16   Page 9 of 16   84944083

We review a challenge to a district court's jurisdiction de novo. United States v. Winfield, 665 F.3d 107, 109 (4th Cir. 2012). We find no merit in White's jurisdictional argument. Neither the citizenship nor the heritage of a defendant constitutes a key ingredient to a district court's jurisdiction in criminal prosecutions: "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the states, of all offenses against the laws of the United States." 18 U.S.C. § 3231 (2006); see also Hugi v. United States, 164 F.3d 378, 380 (7th Cir. 1999) ("Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of the 'jurisdictional' inquiry." (quoted in United States v. Hartwell, 448 F.3d 707, 716 (4th Cir. 2006)).

Physical presence in the United States usually supplies the only necessary prerequisite for personal jurisdiction in a federal criminal prosecution. See United States v. Wilson, 721 F.2d 967, 972 (4th Cir. 1983) ("It has long been the general rule that a court's power to try a criminal defendant is not impaired by the government's use of even forcible abduction to bring the defendant within the court's jurisdiction."); see also United States v. Burke, 425 F.3d 400, 408 (7th Cir. 2005) ("Personal jurisdiction is supplied by the fact that [the defendant] is within the territory of the United States."); United States v. Rendon, 354 F.3d 1320, 1326 (11th Cir. 2003) ("A federal district court has personal jurisdiction to try any defendant brought before it on a federal indictment charging a violation of federal law."). The manner through which a defendant found himself within the United States generally does not affect the jurisdiction of the district court to preside over his prosecution. See United States v. Alvarez-Machain, 504 U.S. 655, 657, 112 S. Ct. 2188, 119 L. Ed. 2d 441 (1992) (district {480 Fed. Appx. 195}court had jurisdiction over prosecution of Mexican national who had been forcibly kidnapped and brought to the United States where abduction did not violate extradition treaty between United States and Mexico); Frisbie v. Collins, 342 U.S. 519, 522, 72 S. Ct. 509, 96 L. Ed. 541 (1952) ("[T]he power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a 'forcible abduction.'" (citing Ker v. Illinois, 119 U.S. 436, 444, 7 S. Ct. 225, 30 L. Ed. 421 (1886)); see also Kasi v. Angelone, 300 F.3d 487, 493-500 (4th Cir. 2002) (forcible abduction of defendant from Pakistan did not divest state trial court of jurisdiction because such abductions were not prohibited by relevant extradition treaty); United States v. Porter, 909 F.2d 789, 791-92 (4th Cir. 1990) (district court had jurisdiction over defendants involuntarily deported from the Philippines to the United States); United States v. Arbane, 446 F.3d 1223, 1225 (11th Cir. 2006) ("[A] criminal defendant cannot defeat personal jurisdiction by asserting the illegality of the procurement of his presence in the relevant jurisdiction - here, the United States.").

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Case 5:14-cr-00240-D   Document 465   Filed 12/16/16   Page 10 of 16    84944083

*Constitutional Law > The Judiciary > Jurisdiction > General Overview*
*Criminal Law & Procedure > Jurisdiction & Venue > Jurisdiction*

Neither the citizenship nor the heritage of a defendant constitutes a key ingredient to a district court's jurisdiction in criminal prosecutions: The district courts of the United States shall have original jurisdiction, exclusive of the courts of the states, of all offenses against the laws of the United States. 18 U.S.C.S. § 3231. Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C.S. § 3231, and there can be no doubt that U.S. Const. art. III permits Congress to assign federal criminal prosecutions to federal courts. That is the beginning and the end of the jurisdictional inquiry.

*Criminal Law & Procedure > Jurisdiction & Venue > Jurisdiction*

Physical presence in the United States usually supplies the only necessary prerequisite for personal jurisdiction in a federal criminal prosecution. The manner through which a defendant found himself within the United States generally does not affect the jurisdiction of the district court to preside over his prosecution.

A04CASES                             1

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

United States v. Cruikshank, 2 Otto 542, 92 U.S. 542, 23 L. Ed. 588; United States v. Simmons, 6 Otto 360, 96 U.S. 361, 24 L. Ed. 819; Button v. United States, 202 U.S. 344, 26 S. Ct. 688, 50 L. Ed. 1057; Bartell v. United States, 227 U.S. 427, 33 S. Ct. 383, 57 L. Ed. 583; Hagner v. United States, 285 U.S. 427, 52 S. Ct. 417, 76 L. Ed. 861; United States v. Debrow, 346 U.S. 374, 74 S. Ct. 113, 98 L. Ed. 92.

3.
B04CASES                                                1

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

In re Coy, 127 U.S. 731, 81 S. Ct. 1263, 32 L. Ed. 274; United States v. Pridgeon, 153 U.S. 48, 14 S. Ct. 746, 38 L. Ed. 631; Goto v. Lane, 265 U.S. 393, 44 S. Ct. 525, 68 L. Ed. 1070; Bowen v. Johnston, 306 U.S. 19, 59 S. Ct. 442, 83 L. Ed. 455; Aderhold v. Hugart, 5 Cir., 67 F.2d 247; Campbell v. Aderhold, 5 Cir., 67 F.2d 246; Creech v. Hudspeth, 10 Cir., 112 F.2d 603; Barnes v. Hunter, 10 Cir., 188 F.2d 86; Barnes v. United States, 8 Cir., 197 F.2d 271; Keto v. United States, 8 Cir., 189 F.2d 247. See Harris v. United States, 8 Cir., 288 F.2d 790, particularly the concurring opinion; cf. Manning v. Biddle, 8 Cir., 14 F.2d 518; Aderhold v. Schiltz, 5 Cir., 73 F.2d 381; Dawes v. Gough, 5 Cir., 170 F.2d 396. When it affirmatively appears, though outside of the indictment, that no federal crime was committed some Courts of Appeals have been less astute to shield the judgment from collateral attack. Martyn v. United States, 8 Cir., 176 F.2d 609; Marteney v. United States, 10 Cir., 216 F.2d 760; Tooisgah v. United States, 10 Cir., 186 F.2d 93; Hildebrand v. United States, 9 Cir., 261 F.2d 354; United States v. Rider, 9 Cir., 282 F.2d 476.

B04CASES     1

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

If indictment charges no wrongdoing or if it discloses on its face that offense is one triable only in state court, it is so deficient it cannot support judgment; if indictment purports to charge, though defectively, crime of class triable in District Courts, it is enough to immunize judgment from collateral attack. United States v Roberts (1961, CA4 Va) 296 F.2d 198, cert den (1962) 369 US 867, 8 L Ed 2d 85, 82 S Ct 1033

USCS 1

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

The applicable law here, found in *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), states that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment." *Brady*, 373 U.S. at 87. To prove a violation of the Due Process Clause under *Brady*, the Petitioner must show (1) that the evidence at issue is favorable to the accused, (2) that the evidence was suppressed, willfully or inadvertently, by the state, and (3) that prejudice resulted. *Strickler v. Greene*, 527 U.S. 263, 281-82, 119 S. Ct. 1936, 144 L. Ed. 2d 286 (1999).

USA, Fradulent Concealment Exculpotory Evidence, Mirrow Image of Computer Hard Drive Seized By F.B.I. In Henton VA, Residence of Defendant and Documents, Disclosure Pritect and Disitcl Cupy, Concelment By Etan A Ontjes Barbor D, Kosher

Brady Vialatcn'

1ydcases

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

speedy trial claim was not an objectively unreasonable application of established law. The applicable law here is the Sixth Amendment, which guarantees criminal defendants the right to a speedy trial after indictment. To determine whether a delay violates the Sixth Amendment, the Court must balance four factors: "(1) the length of delay; (2) the reasons therefor; (3) the timeliness and vigor of the assertion of the speedy trial guarantee; and (4) prejudice to the defendant." *United States v. Hall*, 551 F.3d 257, 271 (4th Cir. 2009). Before assessing the latter three factors, Courts must first determine "whether the length of the delay triggers a speedy trial inquiry." *Id*. Generally, courts will move on to assess the other three factors where delay has reached, or nearly reached, one year. *See id*.

18 USC 4241-4247

B.O.P Psyd Fraudulent(s)
Fabrication & 18 USC 4241(a)
Either A of Jes, Judicial
Deception, 18 USC 4241(e)
Fraud(s)
18 USC 3142, Freed on
Cait Norfolk VA 23510

1ydcases        1

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.