UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CR-240-BR

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WILLIAM SCOTT DAVIS, JR. | ) | |
| | ) | |

This matter is before the court on defendant's recent *pro se* filings.

This case has a lengthy history. On 15 October 2014, defendant was indicted on three counts of cyberstalking and three counts of transmitting threatening communications. The case was assigned to Senior U.S. District Judge James C. Fox. The Office of the Federal Public Defender was appointed to represent defendant. On 30 October 2014, the court entered a scheduling order, directing that all pretrial motions be filed no later than 3 December 2014 and set arraignment for the court's 5 January 2015 term. Defendant moved to continue arraignment, which motion was allowed, and arraignment was continued to 9 March 2015.

On 30 January 2015, defense counsel moved (1) for a determination of defendant's mental competency to stand trial pursuant to 18 U.S.C. § 4241 and (2) to reopen and extend the period for filing pretrial motions to 6 February 2015. The motions were allowed. On 2 February 2015, defendant filed a notice of insanity defense. On 4 March 2015, the government filed a motion for a psychiatric examination to determine whether defendant was competent at the time of the alleged offenses under § 4242. That motion was allowed. After obtaining extensions of time to complete both evaluations, the Bureau of Prisons filed the psychiatric report on 1 June 2015. The competency

hearing and arraignment were set for 4 August 2015. On the government's unopposed motion, the court continued the competency hearing and arraignment to the court's 2 November 2015 term.

In the meantime, defendant filed a number of *pro se* motions, including motions for recusal of Judge Fox. At a hearing on 17 August 2015, Judge Fox denied the motions for recusal and allowed defense counsel's oral motion to withdraw. On 19 August 2015, Sean Vitrano, Esquire was appointed to represent defendant. During the ensuing month, Vitrano moved to withdraw his representation, and defendant filed *pro se* multiple motions, including motions for the withdrawal of Vitrano and the appointment of new counsel. On 14 October 2015, the case was reassigned to the undersigned.

At the 2 November 2015 competency hearing, the court denied all of defendant's pending *pro se* motions, and subsequently, on defense counsel's request, ordered a second psychiatric or psychological examination of defendant. Defendant continued to file *pro se* voluminous motions and other documents. Because defendant was represented by counsel, the court denied all those motions, with the exception of those for the appointment of new counsel, and directed the Clerk to terminate any future motion defendant files *pro se* other than a motion for appointment of new counsel.

On 2 February 2016, the court continued holding the competency hearing, at which the court found defendant was incompetent to stand trial. Defendant appealed. In the meantime, defendant continued to file *pro se* multiple motions pertaining the appointment of counsel, among other things. Because defendant continued to be represented by counsel and because the issue of appointment of new counsel remained for review, the court directed the Clerk to terminate any future motion defendant filed *pro se*.

On 8 August 2016, the court received from the Bureau of Prisons a Certificate of Restoration of Competency to Stand Trial and then set the matter for hearing on 29 August 2016 pursuant to 18 U.S.C. § 4247(d). During that hearing, the court continued the hearing pending the resolution of defendant's appeal of the court's order finding him incompetent to stand trial. Also, on defendant's unopposed motion, the court ordered that defendant remain hospitalized at FMC-Butner to permit him to undergo cataract surgery on both eyes.

On 1 November 2016, the grand jury returned a superseding indictment against defendant; the charges remained the same. Shortly thereafter, defendant again and without objection from the government moved to extend his hospitalization at FMC-Butner until such time as defendant underwent cataract surgery and medical staff certified that it is medically appropriate to return him to the custody of the U.S. Marshal Service. The court allowed the motion.

On 5 January 2017, the Fourth Circuit Court of Appeals vacated the court's order finding defendant mentally incompetent to stand trial and remanded with instructions that the court conduct a new competency hearing. After the mandate issued, the court set the competency hearing for 27 February 2017. On defendant's unopposed motion, the court continued the competency hearing to enable a neuropsychologist to evaluate defendant. On defendant's motion, the court twice continued the competency hearing to enable defendant to undergo cataract surgery on his left eye (having already had surgery on his right eye). On 5 June 2017, the court held the competency hearing and found defendant competent to proceed. The court also permitted defense counsel to withdraw, directed the Federal Public Defender to appoint new counsel, and set arraignment and trial for 10 July 2017. Thomas Manning, Esquire was appointed to represent defendant. Twice, on defense

counsel's unopposed motion, and because defense counsel needed additional time to meet with defendant, prepare, and engage in plea negotiations, the court continued arraignment and trial.

In the meantime, on 6 August 2017, defendant moved for an order directing the Bureau of Prisons to recommence defendant's eye treatment. The court directed the U.S. Marshal Service to consult with physicians at FMC-Butner about what additional treatment for defendant is available and recommended and directed that a report be filed with the court. The report from the Bureau of Prisons was filed on 28 August 2017 and indicated that while defendant could benefit from additional eye procedures, none were considered medically necessary.

In September 2017, defendant filed *pro se* a motion to appoint new counsel. On 11 October 2017, the court held a hearing on that motion, and defendant withdrew the motion. Defendant plead not guilty to all charges in the superseding indictment, and the court set trial for 11 December 2017.

On 6 November 2017, defendant filed *pro se* a notice that he chose to represent himself and requested a hearing thereon. On 7 November 2017, the grand jury returned a second superseding indictment against defendant; the charges remained the same as in the initial and superseding indictments. On 20 November 2017, defendant appeared before the court at which time the court conducted defendant's initial appearance on the second superseding indictment. Defendant plead not guilty to all charges. The court then allowed defendant to represent himself and appointed Manning as standby counsel.

Since that time, defendant has filed *pro se* numerous documents and motions which are presently before the court. Many of the motions are repetitive, nonsensical, and/or illegible. More importantly, they are all untimely. The deadline for filing pretrial motions long ago passed, and it is the eve of trial. The court has gone to great lengths to accommodate defendant's requests regarding

court appointed counsel, and in fact, most recently appointed one of the leading defense lawyers in the state. The court has made defendant fully aware of the hazards and disadvantages of representing himself. Defendant must accept the consequences of his decision to represent himself, particularly in light of the fact that he did so on the eve of trial. The court will not consider defendant's motions, other than, in its discretion, to deny defendant's requests for continuance of trial. Defendant's motions are DENIED.

This 1 December 2017.

_____
W. Earl Britt
Senior U.S. District Judge