UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CR-240-BR

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WILLIAM SCOTT DAVIS, JR. | ) | |
| | ) | |

This matter is before the court on defendant's *pro se* filings since 4 December 2017. In its 1 December 2017 order, the court recited this case's lengthy history and the reasons why it would not consider defendant's then-pending *pro se* motions, other than his requests to continue trial (which the court denied in its discretion). Those reasons remain equally applicable to the pending motions, except defendant's motion to suppress, (DE # 787), which is addressed below. The court makes some additional conclusions about defendant's filings.

First, defendant appears to attempt to assert claims of ineffective assistance of prior counsel Joseph Ross, Esquire and Sean Vitrano, Esquire. Claims of ineffective assistance of former counsel are not appropriately raised pretrial. Second, defendant also claims that "prior counsel" has not turned over his case file. He does not name which former counsel nor indicate that he has requested the case file of former counsel. Third, defendant repeatedly declares his intention to represent himself. As the court recognized in its earlier order, on 20 November 2017, the court made defendant fully aware of the hazards and disadvantages of representing himself. Nonetheless, defendant chose to represent himself, and the court has honored that choice. Fourth, defendant seeks an independent mental health examination. Defendant has undergone several mental health examinations, including one by an independent

neuropsychologist. The court has found defendant competent to proceed to trial, and there is no indication that the government would attempt to introduce any evidence at trial of those examinations. Thus, another mental health examination is not justified. Finally, defendant repeats his request to continue the trial. Once again, in its discretion, the court denies this request.

One of defendant's filings is captioned as a "Motion to Suppress Illegally Obtained Notice of Government [sic] Intent to Present Evidence Pursuant to Fed. R. Evid. 404(b) . . . ." (DE # 787). The court construes this document as defendant's objection to the government's notice of its intent to present evidence of other crimes, wrongs, or acts under Federal Rule of Evidence 404(b), (DE # 738). The court will consider the admissibility of this evidence prior to the trial, including any objections defendant has. Therefore, the court holds in abeyance defendant's motion to suppress.

Defendant's motions are DENIED, except as noted.

This 8 December 2017.

_____
W. Earl Britt
Senior U.S. District Judge