IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

5:14-CR-240-BR-1

UNITED STATES OF AMERICA )
)
versus )
)
WILLIAM SCOTT DAVIS, JR. )

### DEFENDANT'S PROPOSED JURY INSTRUCTIONS

The Defendant through counsel, who requests the court to instruct the jury as to the substantive counts of the Indictment remaining.

This, the 11th day of December, 2017.

    MANNING LAW FIRM P.L.L.C.

    /a/ Thomas C. Manning

    Thomas C. Manning, NCSB 7887
    1312 Annapolis Drive, Ste. 201
    Raleigh, North Carolina 27608
    Telephone: (919) 834-3499
    Fax: (919) 834-3864
    CJA Panel Attorney for Defendant

**DEFENDANT WILLIAM S. DAVIS'
PROPOSED INSTRUCTION
COUNT 3**

*<u>18 U.S.C. 2261A(2)(B) Use of an Interactive computer service, etc., i.e. email with intent to injure, harass and intimidate another person.</u>*

In COUNT ONE of the Indictment, Defendant WILLIAM SCOTT DAVIS is accused of using an interactive computer service, i.e., email, with intent to injure, harass and intimidate another person. Using email with intent to injure, harass and intimidate another person is against federal law.

For you find William Scott Davis guilty of this crime, you must be convinced that the government has proven each of these things beyond a reasonable doubt:

**First**, that William S. Davis, on or about the date alleged in the Indictment, used any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce to engage in a course of conduct that uses the any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce to engage in a

course of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to Victim #3. Email is an interactive computer service or electronic communication service or electronic communication system of interstate commerce, and a facility of interstate or foreign commerce.

**Second**, that while he used email in the manner defined above in interstate commerce, William S. Davis had the intent to intent to injure, harass and intimidate Victim #3.

**Third**, that in the course of, or as a result of William S. Davis' use of email in the manner defined above in interstate commerce, he engaged in conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotion distress ro Victim #3.

## *TRANSMITTING A COMMUNICATION CONTAINING A THREAT TO KIDNAP OR INJURE. (18 U.S.C. § 875( c)*

### COUNT 5

The William S. Davis is charged in Count 5 of the indictment with transmitting in interstate and foreign commerce a threatening communication to a person in violation of Section 875(c) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

**FIRST**, the defendant William S. Davis knowingly and willfully transmitted in interstate and foreign commerce a communication, that being an email, to VICTIM #1 and VICTIM #2.

**SECOND**, that William S. Davis intended the communication as a threat to injure Victim #1 and VICTIM #2, for the purpose of issuing a threat, or with knowledge that the communication would be viewed as a threat, or with reckless disregard for the likelihood that the communication would b viewed as a threat.

**And THIRD**, that an ordinary and reasonable recipient who is familiar with the context in which the statement is made would interpret it as a serious expression of an intent to do harm.

Authority:

Elonis v. United States, 135 S.Ct. 2001 (2015)

United States v. White, 670 F.3d at 508-510 (4th Cir.)

United States v. Jeffries, F.3d 473, 485 (6th Cir)

## ***TRANSMITTING A COMMUNICATION CONTAINING A THREAT TO KIDNAP OR INJURE. (18 U.S.C. § 875( c)***

### COUNT 6

The William S. Davis is charged in Count 6 of the indictment with transmitting in interstate and foreign commerce a threatening communication to a person in violation of Section 875(c) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

**FIRST**, the defendant William S. Davis knowingly and willfully transmitted in interstate and foreign commerce a communication, that being an email, to VICTIM #3

**SECOND**, that William S. Davis intended the communication as a threat to injure Victim #3, for the purpose of issuing a threat, or with knowledge that the communication would be viewed as a threat, or with reckless disregard for the likelihood that the communication would b viewed as a threat.

**And THIRD**, that an ordinary and reasonable recipient who is familiar with the context in which the statement is made would interpret it as a serious expression of an intent to do harm.

Authority:

Elonis v. United States, 135 S.Ct. 2001 (2015)

United States v. White, 670 F.3d at 508-510 (4th Cir.)

United States v. Jeffries, F.3d 473, 485 (6th Cir)

## Certificate of Service

Undersigned certifies that he electronically filed the foregoing DEFENDANT'S PROPOSED JURY INSTRUCTIONS with the Clerk using EC/EMF filing, and has thereby served a copy of same upon government counsel, this the 11th day of December, 2017.

/s/ Thomas C. Manning

_____
Thomas C. Manning