UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CR-240-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WILLIAM SCOTT DAVIS, JR. | ) | |
| | ) | |

This matter is before the court on the two documents the court received on 9 August 2021.

The first document on its first page states, "Motion for Court Record; Copy filing 28 USC 2255." (DE # 962, at 1.) The second page appears to be a court-generated (not this court) document regarding the filing of highly sensitive documents. (Id. at 2.) It is unclear what relief defendant seeks. To the extent he seeks copies of documents filed in this case, which has now amassed over 900 filings, defendant must show a particularized need for a given document. See United States v. Montgomery, 806 F. App'x 187, 188 (4th Cir. 2020) (per curiam) ("Copies of transcripts and court records may be provided to an indigent litigant at government expense upon a showing by the litigant of a particularized need for the documents." (citing Jones v. Superintendent, Va. State Farm, 460 F.2d 150, 152-53 (4th Cir. 1972)). Defendant's filing does not meet this standard, and to the extent defendant's filing could be deemed a motion for all court records, it is DENIED. Nonetheless, **as a one-time courtesy**, the court will permit defendant to have a copy of the docket sheet and a copy of his 28 U.S.C. § 2255 motion, (DE # 919), which the court dismissed without prejudice because his direct appeal was pending, (DE # 923). The Clerk is DIRECTED to mail copies of the docket sheet and defendant's first § 2255 motion to defendant along with a blank 28 U.S.C. § 2255 form.

The second document consists of 13 pages, which largely appears to identify documents defendant claims are being withheld from him, some of which he appears to contend that he needs to file a § 2255 motion. (DE # 963.) Some pages also appear to have been generated by the Fourth Circuit Court of Appeals concerning defendant's numerous petitions for a writ of mandamus. (See, e.g., id. at 1.) As with the first document, it is not clear what defendant seeks from this court.

To the extent he seeks copies of any transcripts and other records in this case, he must show more than the documents would generally assist him in preparing a § 2255 motion. See United States v. Glass, 317 F.2d 200, 202 (4th Cir. 1963) ("An indigent is not entitled to a transcript at government expense without a showing of the need, merely to comb the record in the hope of discovering some flaw."). To the extent defendant seeks mandamus relief against this court, this court cannot grant such relief. See Kelly v. United States, No. 1:14-CV-19369, 2016 WL 8193611, at *4 (S.D.W. Va. Oct. 14, 2016) ("This United States District Court cannot grant mandamus relief against itself."), report and recommendation adopted sub nom. Kelly v. Butler, 2017 WL 440266 (S.D.W. Va. Feb. 1, 2017). To the extent defendant requests the appointment of counsel, he has no constitutional or statutory right to counsel in this case at this time because there is no pending criminal or § 2255 proceeding involving him. See 18 U.S.C. § 3006A(a)(1), (2). To the extent defendant requests that the court compel the United States to produce discovery, he is not entitled to any discovery until he initiates a § 2255 proceeding and demonstrates good cause for the court to authorize discovery. See R. 6(a), Rules Governing § 2255 Proceedings. To the extent defendant seeks documents in the possession of the Raleigh Police Department, he should petition the appropriate state court. To the extent defendant

contends the Bureau of Prisons is denying him access to his legal property, preventing his access to the courts, denying him medical care, and denying his transfer to FMC Rochester, those complaints are not appropriately resolved in this closed criminal case. On these grounds, defendant's filing to the extent it could be construed as a motion is DENIED.

To the extent defendant seeks to compel his former attorneys to produce his case file, that request is ALLOWED. See United States v. Champion, 794 F. App'x 289 (4th Cir. 2020) (per curiam) (holding the district court abused its discretion in not compelling trial counsel to produce the defendant's case file so he could pursue § 2255 relief); N.C. R. Pro. Conduct 1.16(d) ("Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as . . . surrendering papers and property to which the client is entitled . . . ."). The following attorneys are DIRECTED to mail defendant's case file to defendant: Sean Vitrano, Thomas Manning, J. Keating Wiles, and Joseph Ross, and to file a notice indicating they have done so within 30 days. The attorneys are not required to turn over to defendant their personal notes or incomplete work product, see N.C. R. Pro. Conduct 1.16 cmt. 10 ("The lawyer's personal notes and incomplete work product need not be released."), or materials otherwise prohibited from disclosure, such as defendant's presentence report and statement of reasons, see Local Criminal Rule 32.1. The Clerk is DIRECTED to serve a copy of this order on those attorneys via email.

This 24 August 2021.

_____
W. Earl Britt
Senior U.S. District Judge