UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CR-240-BR

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| WILLIAM SCOTT DAVIS, JR. ) | |
| ) | |

This matter is before the court on petitioner's *pro se* filings from 7 September 2021 through 28 February 2022.

In December 2017, a jury convicted defendant of cyberstalking and three counts of sending threatening communications. The court sentenced him to 144 months imprisonment and three years supervised release. Defendant appealed, and the Fourth Circuit Court of Appeals affirmed. On 7 December 2020, the Supreme Court denied defendant's petition for a writ of certiorari.

Throughout these proceedings, defendant has filed *pro se* hundreds of documents. In fact, in December 2017, because of the volume of filings, "which [were] repetitive, nonsensical, and/or illegible," and because defendant was represented by counsel at the time, the court summarily denied his motions and permitted the Clerk to refuse to file any of his *pro se* submissions, excepting a notice of appeal, until the conclusion of this criminal case. (12/22/17 Order, DE # 834.) After defendant's direct challenge to his criminal judgment concluded, the Clerk once again began accepting for filing his *pro se* submissions.

Like his earlier filings, defendant's recent filings are largely repetitive, conclusory, rambling, and nonsensical. From what the court can discern, defendant seeks relief based on the following categories: (1) purportedly newly discovered evidence for reconsideration and amendment of the judgment and earlier rulings; (2) compassionate release; (3) his attorneys' and

prosecutors' allegedly improper conduct; (4) the Bureau of Prisons' allegedly improper conduct; (5) return of his property; (6) the bias and prejudice of the undersigned and other judges of this and other courts; and (7) habeas corpus under 28 U.S.C. § 2255 and other relief related thereto. The court examines each category in turn.

First, in many filings, defendant appears to request that the court reconsider or alter/amend its earlier rulings and to award him a new trial, and he also appears to otherwise challenge his convictions here, based on Federal Rules of Criminal Procedure 33 and 34 and Federal Rules of Civil Procedure 52 and 60, among others. The court declines to revisit its earlier rulings. And at this time—after defendant's direct challenge has concluded—the appropriate method for defendant to challenge his convictions and/or sentence is by filing a motion for habeas corpus relief under 28 U.S.C. 2255, cf. Fed. R. Crim. P. 33 (motions for a new trial based on newly discovered evidence must be filed within three years after the verdict or finding of guilty); Fed. R. Crim. P. 34 (motions to arrest judgment must be filed within 14 days after the court accepts a verdict or finding of guilty), which motion defendant recently filed, (DE # 1046), and is discussed below. The court declines to recharacterize any of these earlier filings as a § 2255 motion.

Second, defendant has filed multiple documents which relate to compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). When defendant initially sought compassionate release, (see DE # 970), in accordance with district practice and pursuant to Standing Order No. 19-SO-3 (E.D.N.C. Jan. 25, 2019), the court promptly appointed counsel to represent him for the purpose of obtaining such relief, (DE # 971). Shortly thereafter, the Office of the Federal Public Defender filed a notice of appearance. (DE # 975.) Despite being represented by counsel for

this limited purpose, defendant continues to file *pro se* documents captioned as motions for compassionate release and requesting the appointment of counsel thereon. With the exception of defendant's initial compassionate release motion, the court will deny all compassionate release motions and any motions requesting appointment of counsel to pursue such relief because he is already represented by counsel.

Third, defendant's submissions allege misconduct on the part of his former attorneys and the prosecutors in this case. Such allegations should be raised, if at all, as grounds for § 2255 relief.

Fourth, defendant also complains about the Bureau of Prisons' ("BOP") conduct. For example, he alleges BOP employees have assaulted and threatened him, retaliated against him for filing grievances, improperly placed him in administrative detention, not provided him with medical or mental health treatment, and denied him access to his legal materials. As the court has previously informed defendant, such complaints about the BOP's conduct will not be resolved in this case.[1] (See 8/24/21 Order, DE # 964, at 2-3 ("To the extent defendant contends the [BOP] is denying him access to his legal property, preventing his access to the courts, denying him medical care, and denying his transfer to FMC Rochester, those complaints are not appropriately resolved in this closed criminal case.").)

Fifth, defendant has filed documents requesting the return of his property seized by the FBI from his home in Hampton, Virginia on 22 October 2014. That property was seized pursuant to a federal search warrant issued in the Eastern District of Virginia. (See 12/12/17

---

[1] That is not to say the court will not consider any of these circumstances as grounds for equitable tolling, should the government assert the statute of limitations as a defense to defendant's § 2255 motion and should defendant raise them in response to such a defense. The court expresses no opinion as to whether any of these circumstances would qualify as extraordinary to warrant tolling of § 2255's limitations period.

3

Tr., DE # 931, at 159.) After defendant's sentencing, trial counsel gave defendant an inventory of the items the FBI had seized along with contact information for the appropriate FBI agent so he could arrange for the return of his property. (Notice, DE # 902, at 2.) To the extent defendant requests this court to order the return of this property, the court cannot do so. Because his property was seized in the Eastern District of Virginia, defendant must file a motion for its return there. See Fed. R. Crim. P. 41(g) ("A person aggrieved . . . by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized."); United States v. Persaud, 426 F. App'x 172, 172-73 (4th Cir. 2011) (holding that the Western District of North Carolina court properly denied the defendant's motion for return of his property where the property had been seized in the Middle District of North Carolina).

Sixth, he complains that the undersigned and other judges are biased and prejudiced against him and have conspired with each other, various attorneys, and the victims to have him convicted of various offenses, including the instant ones and others in state court, and to have his parental rights terminated. To the extent defendant seeks to disqualify the undersigned from further participation in this case under 28 U.S.C. §§ 144 and 455, that request will be denied. Defendant's complaints about the undersigned arise of out the decisions made in this case, and therefore, he has not shown sufficient grounds for recusal. See In re King, 757 F. App'x 281, 282 (4th Cir. 2019) ("[T]he nature of the alleged bias must be personal and not arising out of litigation." (citing In re Beard, 811 F.2d 818, 827 (4th Cir. 1987)); Belue v. Leventhal, 640 F.3d 567, 574 (4th Cir. 2011) ("[W]hile recusal motions serve as an important safeguard against truly egregious conduct, they cannot become a form of brushback pitch for litigants to hurl at judges

4

who do not rule in their favor."). To the extent defendant complains about other judges, he cannot challenge in this action decisions made in his other cases, including appellate and state court decisions. See Brown & Root, Inc. v. Breckenridge, 211 F.3d 194, 198 (4th Cir. 2000) ("'[A] party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" (quoting Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994)); Bells v. Ozmint, No. C/A 6:06-2266-RBH, 2007 WL 1861525, at *2 (D.S.C. June 26, 2007) ("This [district] Court has no authority to review a decision by the Fourth Circuit or another district judge."). Nor does this court have the authority to order another judge's recusal in another case. See Fitistics, LLC v. Cherdak, No. 1:16-CV-0112, 2021 WL 1821723, at *3 (E.D. Va. Apr. 14, 2021) (recognizing that there is "no authority that would allow [a district judge] to 'issue a ruling in a case presided over by another judge in the same district, much less order the recusal of another district court judge in another case'" (citation omitted)).

Finally, defendant has filed a § 2255 motion and many related documents. Defendant filed the § 2255 motion on 22 February 2022.[2] (DE # 1046.) Prior to that time, in some of defendant's filings, he appears to seek an extension of time to file a § 2255 motion and/or equitable tolling of § 2255's statute of limitations period. Also, shortly after he filed the § 2255 motion, he filed a document which appears to list reasons why equitable tolling is warranted and to seek a filing extension until 2023. (DE # 1065.) The court will not consider the timeliness of defendant's § 2255 motion until such time as the government may raise a statute of limitations

---

[2] Defendant's § 2255 motion is dated 14 February 2022. (DE # 1046.) In it, he claims that on 1 December 2021, he "deposited a tenitive [sic] 2255 handwritten motion into SHU prison [illegible] for mailing to the court." (Id.)

defense. If the government raises such a defense, defendant will be provided an opportunity to respond and at that time may set forth the reasons why he believes his § 2255 motion is timely and/or why the limitations period should be equitably tolled. Accordingly, to the extent defendant requests an extension of time to file a § 2255 motion or to equitably toll § 2255's limitations period, those requests will be denied without prejudice.

Defendant's § 2255 motion is not filed on (nor does it substantially follow) the standard form.[3] Defendant must file any such motion on this form, see Rule 2(c), Rules Governing Section 2255 Proceedings ("The motion must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule."); Local Civil Rule 81.2 ("All petitions on behalf of prisoners seeking relief under . . . 28 U.S.C. § 2255 shall be filed with the clerk in compliance with the instructions of the clerk and on the appropriate form available without charge."), and the court will direct the Clerk to mail defendant another blank § 2255 form. The court notes that this form requires the movant, if his conviction became final more than one year earlier, to explain why the one-year statute of limitations does not bar the motion.

In many of his filings, defendant claims he needs copies of documents to support his § 2255 motion. He asks the court to compel his former attorneys to provide him with paper copies of his case file. On defendant's earlier request, the court ordered attorneys Sean Vitrano, Thomas Manning, J. Keating Wiles, and Joseph Ross to mail defendant's case file to him and to file a notice indicating they had done so. (8/24/21 Order, DE # 964, at 3.) With the exception of Ross, the attorneys filed notices of compliance with this order. (DE ## 965, 973, 978.) The attorneys represent that they mailed defendant electronic copies of his files on CDs and/or

---

[3] On 24 August 2021, and pursuant to the court's order, the Clerk provided defendant with a blank § 2255 standard form. (See DE # 964 docket text.)

DVDs. (Id.) Wiles also notes that he had earlier mailed defendant a hard copy of his file. (DE # 978.) Also, Manning had previously provided defendant with case materials. (See DE # 965.) Because of the volume of documents involved, the court will not require Vitrano or Manning to print copies and mail them to defendant nor will the court require Wiles to do what he has already done. If defendant cannot view the CDs or DVDs at his institution, that is an issue he must pursue through the BOP administrative process. Regarding Ross, the court does not know whether he has complied with the court's order because he did not file the required notice. As such, the court will direct him to comply with the order, if he has not already done so, and file a notice to that effect.[4]

Defendant also seeks from his former attorneys their Criminal Justice Act ("CJA") billing records. After an appeal in a criminal case concludes, a CJA attorney's summary payment voucher is generally available to the public. See 7A Guide to Judiciary Policy §§ 520.20(a), 520.70, https://www.uscourts.gov/rules-policies/judiciary-policies/cja-guidelines/chapter-5-ss-520-disclosure-information-payments. However, "**[d]ocumentation submitted in support of, or attached to, payment may not be disclosed at any time.**" Id. § 520.20(b). Vitrano and Manning, as members of the court's CJA Panel and defendant's appointed counsel, were compensated for their services to defendant through the court's eVoucher system, and the court will order the Clerk to provide notice to them of the possible disclosure of their fee information to defendant and give them an opportunity to object. The Fourth Circuit Court of Appeals appointed Wiles for the limited purpose of representing defendant on his appeal from the court's

---

[4] Defendant also requests that the attorney who represented him at his detention hearing in the Eastern District of Virginia be compelled to provide defendant's case file. Because that attorney did not represent defendant here, this court has no authority to so compel him.

7

Case 5:14-cr-00240-BR   Document 1066   Filed 03/04/22   Page 7 of 10

orders regarding defendant's competency. (See Mot., DE # 536, at 1.) Because this court did not appoint Wiles, this court did not approve his payment voucher and does not have control over its disclosure. Ross, as an Assistant Federal Public Defender, does not receive compensation for his services pursuant to the CJA, and therefore, he does not have a payment voucher on file with the court.

Defendant requests the appointment of counsel to assist him with obtaining § 2255 relief. The court is not required to appoint counsel for an indigent § 2255 movant until it determines an evidentiary hearing is warranted. Rule 8(c), Rules Governing Section 2255 Proceedings. Prior to that time, it is within the court's discretion whether to appoint counsel. See 18 U.S.C. § 3006A(a)(2)(B). At this time, the interests of justice do not require the appointment of counsel for defendant.

Lastly, defendant seeks free copies of many documents. To the extent he wants copies of all documents filed in this case, including transcripts, and copies of his unfiled *pro se* submissions,[5] as the court previously informed him, he "must show a particularized need for a given document," (8/24/21 Order, DE # 964, at 1 (citation omitted)), and "he must show more than the documents would generally assist him . . .," (id. at 2 (citation omitted)). To the extent defendant wants the government to produce documents, and again as the court has previously informed defendant, he must demonstrate "good cause for the court to authorize discovery." (Id. (citation omitted).) Defendant has not met these burdens.

For the foregoing reasons, it is hereby ORDERED:

---

[5] While defendant's criminal proceeding was pending and defendant was prohibited from filing *pro se*, the Clerk maintained a file of defendant's *pro se* submissions. (See 12/22/17 Order, DE # 834.) Defendant has requested that the court file these documents. The court declines to do so.

1. All motions except defendant's initial motion for compassionate release, (DE # 970), and § 2255 motion, (DE # 1046), are DENIED;[6]

2. The Office of the Federal Public Defender is DIRECTED to file any materials in support of defendant's initial motion for compassionate release within 30 days;

3. Joseph Ross is DIRECTED to comply with the court's 24 August 2021 order by mailing defendant a paper copy of his case file, if Ross has not already done so, and to file a notice confirming his compliance within 30 days;

4. Until the court orders otherwise, the only documents which will be accepted for filing from defendant *pro se* are a notice of appeal from this order and a 28 U.S.C. § 2255 motion on the authorized form;

5. The Clerk is DIRECTED to send via email to Vitrano and Manning copies of this order and their respective CJA summary payment vouchers in this case;

6. Vitrano and Manning shall have 10 days to file any objection to the disclosure of his CJA summary payment voucher to defendant;[7]

7. The Clerk is DIRECTED to mail defendant the authorized § 2255 form along with a copy of this order;

8. **Defendant is warned if he does not return for filing with this court the completed § 2255 form within 30 days, the court will proceed to consider his § 2255 motion filed on 22 February 2022;** and

9. Other than the documents identified in paragraph 4 above, the Clerk is

---

[6] The denials of any motion seeking an extension of time to file a § 2255 motion and equitable tolling are without prejudice.
[7] Counsel's attention is directed to the interests justifying limiting disclosure to only the amounts approved for payment set forth in 7A Guide to Judiciary Policy § 520.50(a)-(f).

DIRECTED to maintain a file of any documents defendant submits to the court *pro se*, with the date received stamped on each document.

The only motions which remain pending are defendant's initial motion for compassionate release, (DE # 970), and § 2255 motion, (DE # 1046).

This 4 March 2022.

_____
W. Earl Britt
Senior U.S. District Judge

10

Case 5:14-cr-00240-BR   Document 1066   Filed 03/04/22   Page 10 of 10