UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CR-240-1BR
No. 5:22-CV-136-BR

| | |
|---|---|
| WILLIAM SCOTT DAVIS, JR., )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | ORDER |

This matter is before the court on petitioner's 28 U.S.C. § 2255 motion. (DE # 1046.)

In December 2017, a jury convicted petitioner of cyberstalking and three counts of sending threatening communications. The court sentenced him to 144 months imprisonment and three years supervised release. He appealed, and the Fourth Circuit Court of Appeals affirmed. On 7 December 2020, the Supreme Court denied his petition for a writ of certiorari.

On 22 February 2022, petitioner filed *pro se* the instant motion. Shortly thereafter, on review of petitioner's numerous *pro se* filings, the court recognized that the § 2255 motion is not filed on (nor does it substantially follow) the standard form and noted that it had previously ordered the Clerk to provide petitioner with a blank standard form. (3/4/22 Order, DE # 1066, at 6 & n.3.) The court directed the Clerk to send petitioner another blank § 2255 form and warned petitioner if he did not return the completed form for filing within 30 days, the court would proceed to consider his initial § 2255 motion.[1] (Id. at 9.) Petitioner has not heeded this

---

[1] Although petitioner has appealed this order, (see Not. of Appeal, DE # 1073), such appeal does not divest this court of jurisdiction at least as to this § 2255 proceeding because the appeal is interlocutory, see BAE Sys. Tech. Sol. & Servs., Inc. v. Republic of Korea's Def. Acquisition Program Admin., No. PWG-14-3551, 2016 WL 6167914, at *3 (D. Md. Oct. 24, 2016) (Generally, "[i]nterlocutory appeals do not divest district courts of jurisdiction." (citing Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co., 203 F.3d 291, 302 (4th Cir. 2000))), aff'd, 884 F.3d 463 (4th Cir. 2018), as amended (Mar. 27, 2018).

warning. Therefore, the court reviews the instant motion.

On initial review of a § 2255 motion, the court is required to dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." R. Gov. § 2255 Pro. 4(b). In his motion, petitioner appears to allege three claims, each identified by roman numeral. First, petitioner alleges violations of various constitutional amendments, federal and North Carolina statutes, federal regulations and rules of evidence, and an unidentified order of a North Carolina chief district court judge. Second, he claims the government's trial witnesses illegally suppressed exculpatory and impeaching computer evidence in violation of 18 U.S.C. §§ 1621 and 1622. Lastly, petitioner alleges trial counsel Sean Vitrano and Thomas Manning concealed that they had a conflict of interest and represented the best interests of the victims, the federal and North Carolina governments, and certain North Carolina agencies in violation of various constitutional amendments.

A habeas corpus petitioner is required "to state the facts supporting each ground" for relief. R. Gov. § 2255 Pro. 2(b)(2); see also United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013) ("[A] habeas petition is expected to state facts that point to a real possibility of constitutional error." (internal quotation marks and citation omitted)). Yet, petitioner has not alleged any facts to support his conclusory allegations. Under such circumstances, the court may summarily dispose of the § 2255 motion. See Dyess, 730 F.3d at 359 ("Thus, vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." (internal quotation marks and citation omitted)).

Petitioner's § 2255 motion is DISMISSED WITH PREJUDICE. The court finds that

petitioner has not made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a certificate of appealability is DENIED.  The Clerk is DIRECTED to mail to petitioner a copy of this order and to accept for filing from petitioner a notice of appeal from this order.

    This 14 April 2022.

_____
W. Earl Britt
Senior U.S. District Judge